| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | | |
|---|---|---|---|
| 10 | ARMAND CALHOUN, et al., | | CASE NO. C21-1613JLR |
| 11 | Plaintiffs, | | ORDER |
| 12 | v. | | |
| 13 | BANK OF AMERICA NA, | | |
| 14 | Defendant. | | |

Before the court is *pro se* Plaintiffs Armand Calhoun and Robert Flores's (collectively, "Plaintiffs") filing titled "notice-ancillary affidavit for preliminary injunction," which the court liberally construes as a proposed motion for a temporary restraining order and preliminary injunction. (Not. (Dkt. # 7)); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court has reviewed Plaintiffs' proposed motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Plaintiffs' proposed motion.

//

ORDER - 1

1    Plaintiffs appear to request that the court issue a temporary restraining order

2 against Defendant Bank of America NA immediately and hold a preliminary injunction

3 hearing on December 27, 2021.  (*See* Not.)  The court, however, will not provide

4 Plaintiffs with the requested relief for the reasons stated below.

5    First, this action has not yet commenced due to Mr. Calhoun's failure to cure the

6 deficiencies in his *in forma pauperis* ("IFP") application and Mr. Flores's failure to file

7 an IFP application.  (*See* IFP Deficiency Letter (Dkt. # 3); *see also* IFP Application (Dkt.

8 # 1); Dkt.); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("An action may

9 proceed despite a party's failure to pay this filing fee only if the party is granted leave to

10 proceed [IFP] pursuant to 28 U.S.C. § 1915(a)").  Because these IFP deficiencies have

11 not yet been cured, Plaintiffs' proposed complaint has not yet been filed with the court.

12 (*See generally* Dkt.; Proposed Compl. (Dkt. # 1-1).)

13    Second, Plaintiffs have failed to comply with the procedural prerequisites to the

14 issuance of a temporary restraining order.  In addition to having not properly commenced

15 this case, Plaintiffs failed to comply with Local Rule 65(b), which requires that the

16 moving party provide the court with "a proposed order specifically setting forth the relief

17 requested and describing in reasonable detail the act or acts to be restrained or required."

18 Local Rules W.D. Wash. LCR 65(b).

19    Finally, even if the court determined that it could resolve Plaintiffs' motion on the

20 merits, it is unclear what exactly Plaintiffs seek to enjoin or why such relief is warranted.

21 (*See generally id.*)  Like a preliminary injunction, issuance of a TRO is "an extraordinary

22 remedy never awarded as of right."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

2015).  Under Federal Rule of Civil Procedure 65(b), a party seeking a TRO must make a clear showing (1) of a likelihood of success on the merits; (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of hardship tips in her favor; and (4) that a temporary restraining order in is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").  A review of Plaintiffs' proposed complaint and motion, which contain mostly incomprehensible assertions, shows that Plaintiffs have not met their burden to prove these elements.  (*See generally* Proposed Compl.; Not.)

Accordingly, the court DENIES Plaintiffs' filing titled "notice-ancillary affidavit for preliminary injunction" (Dkt. # 7).  Furthermore, the court again warns Plaintiffs that this action may be dismissed if they fail to correct the deficiencies with their IFP applications by January 3, 2022.  (*See* IFP Deficiency Letter.)

Dated this 17th day of December, 2021.

JAMES L. ROBART
United States District Judge

ORDER - 3